UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

OSVALDO MORALES-TORRES,

   Plaintiff,

   v.

UNITED STATES OF AMERICA,

   Defendant.

Civil No. 15-1293 (JAF)

(Crim. No. 12-95-4)

**OPINION AND ORDER**

Petitioner Osvaldo Morales-Torres ("Morales-Torres") comes before the court with a habeas corpus petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 12-95-4. (ECF No. 1.)  For the following reasons, we deny his petition.

**I.**

**Background**

Morales-Torres pleaded guilty to conspiracy to commit robbery and firearm offenses.  (Crim. No. 12-95-4, Docket Nos. 52, 53, 163.)  For this, we sentenced him to a one-hundred-fourteen-month sentence.  (Crim. No. 12-95-4, ECF No. 163.)  He appealed his sentence to the First Circuit, which concluded that our "sentencing methodology was procedurally and substantively sound and that the district court did not abuse its discretion by imposing the sentence it did."  (Crim. No. 12-95-4, ECF No. 163.)  The First Circuit affirmed our "reckless endangerment" enhancement pursuant to U.S.S.G. § 3C1.2.  (Crim. No. 12-95-4, ECF No. 163.)  The Court of Appeals' judgment was

handed down September 15, 2014.  (Crim. No. 12-95-4, Docket Nos. 163, 166.)  Morales-Torres did not seek certiorari.

On March 24, 2015, Morales-Torres filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (ECF No. 1.)  The United States filed a response in opposition.  (ECF No. 4.)

## II.

## Jurisdiction

Morales-Torres is currently in federal custody, having been sentenced by this district court.  To file a timely motion, Morales-Torres had one year from the date his judgment became final.  28 U.S.C. § 2255(f).  His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the Court of Appeals' judgment.  SUP. CT. R. 13(1); *Clay v. United States*, 537 U.S. 522 (2003).  The Court of Appeals entered judgment on September 15, 2014, and, therefore, Morales-Torres filed within the one-year time limit for a § 2255 petition.

## III.

## Legal Analysis

Morales-Torres argues that his plea agreement was breached and that his counsel was ineffective for failing to object to that breach.  For the following reasons, these claims fail.

**A.**     **Breach of the Plea Agreement**

Morales-Torres alleges that the government breached his plea agreement because he was sentenced under a higher criminal history score than that which the government agreed to recommend.  (ECF No. 1 at 4.)

Because Morales-Torres did not pursue this challenge on direct appeal, it was procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Id.* at 622 (internal citations omitted). Morales-Torres does not argue that he is actually innocent. Likewise, he has failed to show cause why he did not raise this issue in his direct appeal, at the time when he appealed the imposition of the "reckless endangerment" enhancement. (*See* Crim. No. 12-95-4, ECF No. 163.)

However, even if this were not procedurally defaulted, his claim would fail. The plea agreement, signed by Morales-Torres, states that "[t]he parties do not stipulate any assessment as to the defendant's Criminal History Category." (Crim. No. 12-95-4, ECF No. 53 at 5.) Because the government made no promises regarding Morales-Torres' criminal history category, a breach is impossible.

**B.     Ineffective Assistance of Counsel**

Morales-Torres alleges that he received ineffective assistance of counsel when his attorney failed to argue that his plea agreement had been breached. (ECF No. 1 at 5.) To prove this, Morales-Torres must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 688-94 (1984). However, we have already found that the plea agreement was not breached. Therefore, it is impossible that the result would have been different had the attorney objected. Therefore, this claim also fails.

Lastly, Morales-Torres also filed a Motion for Default Entry against the Government on June 3, 2015, (ECF No. 5), which is now DENIED, since the Government's response appears on record since April 30, 2015, (ECF No. 4).

## IV.

### **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his

constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Morales-Torres' § 2255 motion (ECF No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Morales-Torres is not entitled to § 2255 relief from this court. We also **DENY** Morales-Torres' motion for default entry. (ECF No. 5.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of July, 2015.

                                                        S/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        U. S. DISTRICT JUDGE